IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS W. DEBBRECHT and
PAR DIGITAL OUTDOOR, INC.,

    *Plaintiffs,*

vs.

THE CITY OF HAYSVILLE, KANSAS
and JEANA M. MORGAN,

    *Defendants.*

Case No.11-1297-EFM-KGG

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Thomas Debbrecht's and Par Digital Outdoor, Inc.'s Motion to Remand (Doc. 10) and Defendant City of Haysville, Kansas and Jeana Morgan's Motion to Dismiss (Doc. 13). Plaintiffs initiated this action in state court. They asserted claims under 42 U.S.C. § 1983 and the Kansas Tort Claims Act (KTCA). On September 29, 2011, Defendants removed the case to this court.

Another case pending in district court, Case No. 10-1419, involved the same parties and substantially identical claims, and there was an outstanding motion for judgment on the pleadings. The parties contended that the ruling in Case No. 10-1419 may be dispositive to the action before the undersigned. Thus, the Court stayed the instant case pending the Court's ruling in Case No. 10-1419.

In March 2012, Judge Robinson issued a Memorandum and Order in Case No. 10-1419 adopting the Report and Recommendations from Magistrate Judge Waxse and dismissed Plaintiffs' federal claims under 42 U.S.C. § 1983 with prejudice. Judge Robinson also dismissed Plaintiffs' state law claims without prejudice for lack of jurisdiction.

After Judge Robinson's ruling, the Court lifted the stay in the instant case. The parties agree that Judge Robinson's judgment in Case No. 10-1419 bars Plaintiffs' federal claims in the instant case under the doctrine of res judicata. Accordingly, Plaintiffs' federal claims must be dismissed, and the only claims that remain are Plaintiff's state law claims. The parties, however, disagree as to what the Court should do with the remaining state law claims. Plaintiffs contend that the state law claims should be remanded back to state court. Defendants argue that the Court should exercise supplemental jurisdiction over the remaining state law claims and dismiss those claims.

"[I]n any civil action of which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form the part of the same case or controversy under Article III of the United States Constitution."[1] Under 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." It is within the Court's discretion to remand to state court, and it must weigh such factors as "economy, convenience, fairness, and comity."[2]

---

[1] 28 U.S.C. § 1367(a).

[2] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

In weighing the factors above, the Court finds that remand is proper. The case is in its early stages. Although this case has been pending in this Court for approximately a year and a half, the Court stayed the case for approximately seven months. Since the Court lifted the stay, only two things have occurred: Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss. Other than briefing on these two motions, nothing else has occurred in this case since its filing. Thus, the Court has not been involved with the issues in this case. Furthermore, although Defendants complain that they will have to file a third motion to dismiss if the case is remanded to state court, the Court finds that the state court should be the court to rule on Plaintiffs' state law claims. Thus, the Court grants Plaintiffs' Motion to Remand.

**IT IS ACCORDINGLY ORDERED** this 4th day of February, 2013, that Plaintiffs' Motion for Remand (Doc. 10) is hereby **GRANTED**. Plaintiffs' federal claims are dismissed with prejudice, and Plaintiffs' state law claims are remanded to state court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE
